T.C. Memo. 2008-177

UNITED STATES TAX COURT

KIM J. REID, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2550-07.                    Filed July 29, 2008.

Kim J. Reid, pro se.

<u>Richard J. Hassebrock</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency in, and an accuracy-related penalty under section 6662(a)[1] on, petitioner's Federal income tax (tax) for her taxable year 2004 of

---

[1]All section references are to the Internal Revenue Code (Code) for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

$2,131 and $426.20, respectively.

The issues for decision are:[2]

(1) Are the payments totaling $9,000 that petitioner's former husband made to her during 2004 includible in her gross income under section 71(a)?  We hold that they are.

(2) Is petitioner liable for the year at issue for the accuracy-related penalty under section 6662(a)?  We hold that she is.

FINDINGS OF FACT

Petitioner resided in Ohio at the time she filed the petition in this case.

On September 2, 2003, the Domestic Relations Court of Franklin County, Ohio, entered a divorce decree (petitioner's divorce decree) that finalized the terms of the divorce settlement between petitioner and James R. Reid (Mr. Reid).  Pursuant to the terms of petitioner's divorce decree, Mr. Reid was ordered to pay to petitioner during 2004 $750 a month in spousal support (monthly payments at issue).  During 2004, Mr. Reid made monthly payments totaling $9,000 in spousal support to petitioner.

On April 15, 2005, petitioner electronically filed Form 1040A, U.S. Individual Income Tax Return, for her taxable year

---

[2]There is also an issue relating to the earned income credit that petitioner claimed in her tax return for 2004.  Resolution of that issue flows automatically from our resolution of the issue under sec. 71(a).

2004 (2004 return).  Petitioner did not include in income in that
return the monthly payments at issue.  Petitioner prepared and
filed her 2004 return without consulting any tax professionals.

Respondent issued to petitioner a notice of deficiency for
her taxable year 2004 (2004 notice).  In that notice, respondent
determined that the monthly payments at issue totaling $9,000 are
includible in petitioner's gross income as alimony or separate
maintenance payments.  In the 2004 notice, respondent further
determined that petitioner is liable for the accuracy-related
penalty under section 6662(a).[3]

OPINION

Petitioner bears the burden of proving that respondent's
determinations in the 2004 notice are erroneous.[4]  See Rule
142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

Monthly Payments at Issue

It is petitioner's position that the monthly payments at
issue are not includible in her gross income.  In support of that
position, petitioner claimed at trial that she believed that the
term "alimony" related to payments made by a former spouse for
child support and that the term "spousal support" related to
payments made by a former spouse to a spouse that are not

---

[3]See supra note 2.

[4]Petitioner does not claim that the burden of proof shifts
to respondent under sec. 7491(a).

includible in gross income.[5]  On the record before us, we reject petitioner's position.

Section 71(b)(1) defines the term "alimony or separate maintenance payment" to mean any cash payment if--

> (A) such payment is received by (or on behalf of) a spouse under a divorce or separation instrument,

> (B) the divorce or separation instrument does not designate such payment as a payment which is not includible in gross income under this section and not allowable as a deduction under section 215,

> (C) in the case of an individual legally separated from his spouse under a decree of divorce or of separate maintenance, the payee spouse and the payor spouse are not members of the same household at the time such payment is made, and

> (D) there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse.

Petitioner stipulated that during 2004 she received each of the monthly payments at issue pursuant to the terms of petitioner's divorce decree.  See sec. 71(b)(1)(A).

Petitioner's divorce decree is not part of the record. Nothing in the record shows whether that divorce decree designated each of the monthly payments at issue as a payment that is not includible in gross income under section 71(a) and not allowable as a deduction under section 215.  See sec.

---

[5]Although the Court directed the parties to file briefs, petitioner failed to do so.

71(b)(1)(B). On the record before us, we find that petitioner has failed to establish that petitioner's divorce decree designated each of the monthly payments at issue as a payment that is not includible in gross income under section 71(a) and not allowable as a deduction under section 215.

Nothing in the record shows whether petitioner and Mr. Reid were members of the same household at the time Mr. Reid made each of the monthly payments at issue. See sec. 71(b)(1)(C). On the record before us, we find that petitioner has failed to establish that she and Mr. Reid were members of the same household at the time Mr. Reid made each of the monthly payments at issue.

Nothing in the record shows whether petitioner's divorce decree provided that Mr. Reid was obligated to make any spousal support payments after petitioner died and whether Mr. Reid had any obligation to make any payments as a substitute for spousal support payments after petitioner died. See sec. 71(b)(1)(D). Under Ohio law, any award of spousal support payments is to terminate automatically upon the death of either party unless the order containing the award expressly provides otherwise. Ohio Rev. Code Ann. sec. 3105.18(B) (West 2008). On the record before us, we find that petitioner has failed to establish that petitioner's divorce decree provided otherwise.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of estab-

lishing that the monthly payments at issue totaling $9,000 are not includible in her gross income under section 71(a).

Accuracy-Related Penalty

Respondent determined that petitioner is liable for the year at issue for the accuracy-related penalty under section 6662(a) because of negligence or disregard of rules or regulations under section 6662(b)(1).[6]

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the underpayment to which section 6662 applies. Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, negligence or disregard of rules or regulations. Sec. 6662(b)(1).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. See sec. 6662(c). Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances. See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), affg. T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), affd. 893 F.2d 656 (4th Cir. 1990). The term

---

[6]On brief, respondent argues that petitioner also is liable for the accuracy-related penalty under sec. 6662(a) because of a substantial understatement of tax under sec. 6662(b)(2). In view of our findings and holding under sec. 6662(a) and (b)(1), we need not address respondent's argument under sec. 6662(a) and (b)(2).

"disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c).

The accuracy-related penalty under section 6662(a) does not apply to any portion of an underpayment if it is shown that there was reasonable cause for, and that the taxpayer acted in good faith with respect to, such portion. Sec. 6664(c)(1). The determination of whether the taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circum- stances, including the taxpayer's effort to assess the taxpayer's proper tax liability, the knowledge and experience of the tax- payer, and the reliance on the advice of a professional, such as an accountant. Sec. 1.6664-4(b)(1), Income Tax Regs.

Respondent has the burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662. To meet that burden, respondent must come forward with sufficient evidence showing that it is appropriate to impose the accuracy-related penalty. <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001). Although respondent bears the burden of produc- tion with respect to the accuracy-related penalty that respondent determined for petitioner's taxable year 2004, respondent "need not introduce evidence regarding reasonable cause, substantial authority, or similar provisions. * * * the taxpayer bears the burden of proof with regard to those issues." <u>Id.</u>

At trial, petitioner claimed that she did not include the monthly payments at issue in income in her 2004 return because she believed that the term "alimony" related to payments made by a former spouse for child support and that the term "spousal support" related to payments made by a former spouse to a spouse that are not includible in income.  In response to a question on cross-examination as to why petitioner held those beliefs, she responded:  "In the dictionary, and just, you know, what it explained to me."

On the record before us, we find that petitioner made no reasonable attempt to comply with the requirements of the Code with respect to the monthly payments at issue and that she failed to do what a reasonable person would do under the circumstances. We have found no dictionary definition of the term "alimony" that supports petitioner's testimony.[7]  Nor have we found anything in a dictionary that suggests the term "spousal support" relates to payments made by a former spouse to a spouse that are not includible in income.

On the record before us, we find that respondent has carried respondent's burden of production under section 7491(c).  On that record, we further find that petitioner has failed to carry her

---

[7]The term "alimony" is defined in Merriam-Webster's Collegiate Dictionary (11th ed. 2007) to mean "1 : an allowance made to one spouse by the other for support pending or after legal separation or divorce  2 : the means of living:  MAINTENANCE".

burden of showing that the underpayment for her taxable year 2004 was not attributable to negligence or disregard of rules or regulations. On the record before us, we also find that petitioner has failed to carry her burden of showing that there was reasonable cause for, and that she acted in good faith with respect to, that underpayment.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry her burden of establishing that she is not liable for the year at issue for the accuracy-related penalty under section 6662(a).

We have considered all of the contentions and arguments of petitioner that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.